UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| A.C. PATE, JR. AND MARY B. PATE | CIVIL ACTION |
| VERSUS | NO. 06-8510 |
| ALLSTATE INSURANCE COMPANY | SECTION "C"(4) |

## ORDER

The Court previously ordered briefing on whether the jurisdiction amount existed at the time of removal (Rec. Doc. 3). The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied,* 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is

facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  *Id.*  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983).

In response to the Court's order (Rec. Doc. 3), Allstate Insurance Company ("Allstate") filed a memorandum that attempted to show that the jurisdictional minimum was met (Rec. Doc. 6).  To illustrate the amount in controversy, Allstate pointed to the plaintiffs' policy limit of $181,000, of which Allstate has paid $31,000.00, and noted that the plaintiffs made the general statement that extensive damage was suffered by the property, particularizing at least nine items of damage resulting from Hurricane Katrina. Allstate also asserted that the plaintiffs' request penalties and damages for mental anguish, financial distress and inconvenience, along with claims that the defendant has arbitrarily and capriciously handled their claims, catapults their claim over the jurisdictional minimum.

The plaintiffs aver, to the best of their knowledge existent at the time the matter

2

was removed and based upon the outstanding portions of their wind damage claim, that the amount in controversy which existed at the time of removal failed to meet the minimum amount necessary to support removal. In support, plaintiffs have agreed to sign a stipulation to this effect.[1] Furthermore, it appears from the briefing that defendant concurred but expected the plaintiff to draft the stipulation while the plaintiff understood the defense would draft the stipulation.

Thus, based on the record, the stipulation made by plaintiffs and the law, the Court finds that the defendant has not established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. *See*: *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that this matter be and hereby is REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 23rd day of January, 2007.

---

[1] The Court assumes that the stipulation refers to the amount in controversy on the date of removal.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE